# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| JANET C. MANNING, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | Case No. CIV-04-021-SPS |
| | ) | |
| JO ANNE B. BARNHART, | ) | |
| Commissioner of the Social Security | ) | |
| Administration, | ) | |
| | ) | |
| Defendant. | ) | |

## OPINION AND ORDER DENYING PLAINTIFF'S MOTION
## FOR RELIEF PURSUANT TO FED. R. CIV. P. 60

The Plaintiff Janet C. Manning was the prevailing party in this social security appeal and requested that her attorney be awarded costs and fees under the Equal Access to Justice Act (the "EAJA"), 28 U.S.C. § 2412. The Commissioner did not object, so the Court awarded a total of $5,958.30 to the Plaintiff (not her attorney) in accordance with 28 U.S.C. § 2412(d)(1)(A). When the money was paid, the United States applied an administrative offset on a student loan debt owed by the Plaintiff to the Department of Education and deducted $1,966.12 from the EAJA award. The Plaintiff thereupon filed a combined Motion to Set Aside Wrongful Offset of *EAJA* Attorney Fee and Motion for Fed. R. Civ. P. Rule 60(a) Order and Motion to Hold Further Pleadings in Abeyance [Docket No. 18]. While these motions were pending, the Plaintiff attempted to resolve the underlying issues informally but was apparently unable to do so. The Commissioner did, however, stipulate that the relief sought by the Plaintiff could be granted, *i. e.*, that the Court could set aside its July 1, 2005 order awarding attorneys' fees to the Plaintiff [Docket No. 17] and substitute

in its place an order awarding attorneys' fees to the Plaintiff's attorney. The parties submitted a proposed order to accomplish this result. *See* Docket No. 27. The Plaintiff's substantive motions are therefore now ripe for determination by the Court.[1]

Initially, the Court would observe that the Plaintiff's motion should have been made pursuant to Fed. R. Civ. P. 60(b)(1). Relief under Fed. R. Civ. P. 60(a) would be appropriate if the Court had simply committed a clerical error in awarding attorneys' fees under the EAJA to the Plaintiff instead of awarding them to her attorney. However, this is not what happened here; the Court fully intended to award attorneys' fees not to the Plaintiff's attorney but instead to the Plaintiff herself as the prevailing party in accordance with the clear language of the EAJA. *See* 28 U.S.C. § 2412(d)(1)(A) ("Except as otherwise specifically provided by statute, a court shall award *to a prevailing party* other than the United States fees and other expenses, in addition to any costs awarded pursuant to subsection (a), incurred *by that party* in any civil action (other than cases sounding in tort)[.]") [emphasis added]. Assuming *arguendo* this was error, it was legal rather than clerical. *See Cashner v. Freedom Stores, Inc.,* 98 F.3d 572, 576 (10th Cir. 1996) ("Thus, as a general proposition, the 'mistake' provision in Rule 60(b)(1) provides for the reconsideration of judgments only where: (1) a party has made an excusable litigation mistake or an attorney in the litigation has acted without authority from a party, or (2) where the judge has made a substantive mistake of law or fact in the final judgment or order."). On

---

[1] The Court has previously determined that the Plaintiff's Motion to Hold Further Pleading in Abeyance was moot. *See* Docket No. 19.

the other hand, the Plaintiff did seek relief pursuant to Fed. R. Civ. P. 60 within the time allowed for appealing the Court's order awarding attorneys' fees. *See id.* at 578 ("[W]hen Rule 60(b)(1) is used to challenge a substantive ruling by the district court, we have required that such a motion be filed within the time frame required for the filing of a notice of appeal. That is, we have construed the requirement in Rule 60(b)(1) that 'the motion shall be filed within a reasonable time' in this situation to be contemporaneous with the time constraints for taking a direct appeal."), *citing Van Skiver v. United States,* 952 F.2d 1241, 1244 (10th Cir. 1991). The Court may therefore entertain the Plaintiff's motion pursuant to Fed. R. Civ. P. 60(b)(1).

The Plaintiff argues that it was error for the Court to award attorneys' fees under the EAJA directly to her instead of awarding them to her attorney *notwithstanding* the clear language of 28 U.S.C. § 2412(d)(1)(A). The Plaintiff cites no authority for this remarkable proposition, presumably because *there is none*. While there is authority for the proposition that it would not be inappropriate for the Court to order EAJA fees paid directly to the Plaintiff's attorney, *see, e. g., Lowrance v. Hacker,* 966 F.2d 1153, 1156 (7th Cir. 1992); *but see Phillips v. General Services Administration,* 924 F.2d 1577, 1582 (Fed. Cir. 1991) ("As the statute requires, any fee award is made to the 'prevailing party,' not the attorney. Thus, Phillips' attorney could not directly claim or be entitled to the award. "), the latest authority in this circuit would seem to be to the contrary. *See McGraw v. Barnhart*, 450 F.3d 493, 497 (10th Cir. 2006) (contrasting an award of attorneys' fees under EAJA with an award under the Social Security Act and observing that "an EAJA award is to the claimant, while counsel

receives an SSA award.").[2] In any event, the Court declines to hold that it acted erroneously in following the clear dictates of 28 U.S.C. § 2412(d)(1)(A), which is unambiguous and is therefore not subject to any construction by the Court. *See, e. g., Schusterman v. United States,* 63 F.3d 986, 989 (10th Cir. 1995) ("In statutory interpretation we look to the plain language of the statute and give effect to its meaning . . . If the statute is clear, that is the end of our inquiry.") [internal citations omitted].

Furthermore, although the Court is not unsympathetic to the effect of its ruling on the Plaintiff's attorney, to do what the Plaintiff asks here would be clearly erroneous. Simply put, the Plaintiff urges the Court to ignore the clear language of the EAJA and award attorneys' fees directly to her attorney in order to circumvent the offset applied by the Department of Education. The effect of such action would be to summarily decide disputes not properly before the Court: (i) whether the United States may legally assert an offset against fees awarded to the Plaintiff under the EAJA; (ii) whether the Plaintiff's attorney has

---

[2] The Plaintiff cites *Weakley v. Bowen*, 803 F.2d 575 (10th Cir. 1986) as Tenth Circuit authority for the proposition that it is appropriate to award attorneys' fees under the EAJA directly to a claimant's attorney. However, *Weakley* is most often cited (in this Court, at least) for the proposition that when attorneys' fees are awarded under the EAJA as well as under the Social Security Act (the "SSA"), 42 U.S.C. § 406(b)(1), the claimant is entitled to be paid the smaller of the two amounts. *Id.* at 580 ("To prevent double payment of fees for the same work under both statutes, however, Congress directed that the smaller amount be given to the client, since the Social Security Act fee award reduces the client's recovery of past due benefits.") [citation omitted]. By the time the *Weakley* court awarded attorneys' fees under the EAJA, the Commissioner had already awarded benefits to the claimant and withheld therefrom attorneys' fees due under the SSA. Inasmuch as the EAJA fees were greater than the SSA fees, the fact that the *Weakley* court ordered the former paid directly to the claimant's attorney would seem to illustrate nothing more than the proposition for which *Weakley* is typically cited, *i. e.*, when fees are awarded under both statutes, the larger portion goes to the attorney and the smaller to the claimant. *See id.* at 580.

an enforceable lien on the EAJA fee award arising out of his contract with the Plaintiff, *see, e. g., State ex rel. Oklahoma Bar Ass'n v. Cummings,* 1993 OK 127, ¶ 12, 863 P.2d 1164, 1168-69 ("Oklahoma law recognizes two types of lien by which a lawyer may secure payment for services: (1) a statutory charging lien [under 5 Okla. Stat. § 6] and (2) a common-law general possessory or retaining lien.") [footnotes omitted]; and, (iii) whether any attorney's lien has priority over the government's right of offset. Assuming *arguendo* that it would not otherwise be inappropriate to order the payment of the Plaintiff's EAJA fees directly to her attorney, it clearly would be inappropriate to do so in the face of these unresolved disputes.[3]

Accordingly, the Plaintiff's Motion to Set Aside Wrongful Offset of *EAJA* Attorney Fee and Motion for Fed. R. Civ. P. Rule 60(a) Order are hereby DENIED.

**IT IS SO ORDERED** this 27th day of October, 2006.

_____
**STEVEN P. SHREDER**
**UNITED STATES MAGISTRATE JUDGE**

---

[3] It seems clear that these disputes *do* in fact remain unresolved. On the one hand, the United States Attorney (who represents the Commissioner in this action but who would presumably have authority to speak on behalf of the Department of Education as well) has stipulated to the entry of an order *nunc pro tunc* awarding the Plaintiff's EAJA attorneys' fees directly to Plaintiff's attorney. But on the other hand, the Plaintiff urged the Court to act on her motions only after failing to resolve her dispute with the Department of Education informally. Given this state of affairs, it seems doubtful the Court would have jurisdiction to set aside the offset, at least in the context of *this* action. Even if it did, at a minimum, notice to the Department of Education and an opportunity to be heard on the merits would seem to be required.